In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2030

LUIS A. PLATA,

*Plaintiff-Appellant,*

*v.*

EUREKA LOCKER, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 12 C 1497 — **Michael M. Mihm**, *Judge.*

SUBMITTED APRIL 13, 2017 — DECIDED MAY 9, 2017

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK, *Circuit Judges*.

POSNER, *Circuit Judge*. Plata, a butcher employed by Eureka Locker, a meat-processing company, sued Eureka under both state law and federal law (42 U.S.C. § 2000e *et seq.*), charging it with having fired him in retaliation for his having filed a worker's compensation claim against the company. He claimed that Scott Bittner, the company's owner, had

told him he was "done" after he told Bittner that he intended to file a worker's compensation claim.

Bittner died suddenly while the case was in its early stages. That left Plata the only witness to the alleged conversation. Eureka argued to the district court that the Illinois Dead Man's Act, 735 ILCS 5/8-301, barred Plata from testifying about a conversation with Bittner that the latter, being dead, could no longer rebut. The statute "forbids a party to a suit by or against a firm to testify about any conversation with a dead agent of the firm, unless a living agent of the firm was also present at the conversation (to testify as the dead man himself might have testified to what was said)." *Lovejoy Electronics, Inc. v. O'Berto*, 873 F.2d 1001, 1005 (7th Cir. 1989). Although Plata's suit was filed in federal rather than state court, Rule 601 of the Federal Rules of Evidence ("Competency to Testify in General") states that "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision," and Plata's suit charged a violation of state as well as federal law.

No living agent of the firm was present at the conversation between Plata and Bittner except of course Bittner, who couldn't testify at the trial because by then he was dead. The district court, relying on *Soghiro Service Co. v. Industrial Comm'n*, 526 N.E.2d 683, 689 (Ill. App. 1988), ruled that Plata could testify that he had told Bittner that he intended to file a worker's compensation claim, but could not testify to what Bittner had said in response. The judge reasoned that Bittner's alleged response—that Plata was "done"—was too closely related to Plata's employment contract with Eureka. The judge also threw out Plata's federal claims, on the

ground that they were time-barred and unsupported by evidence. The state-law retaliation claim survived, but only—the judge said—"by the thinnest of margins."

In arguing that the Dead Man's Act prohibited Plata from testifying to any part of his conversation with Bittner, Eureka relied on the provision of the Act, 735 ILCS 5/8-301, that states that "in any action or proceeding by or against any surviving partner or partners, or joint contractor or joint contractors, no adverse party or person adversely interested in the event thereof [such as Plata] shall … be rendered a competent witness to testify to any admission or conversation by any deceased partner or joint contractor" unless a surviving partner was present for the conversation. The statute also bars evidence of conversations with any deceased agent "who has contracted with" an adverse party. But Plata sued for retaliatory discharge, a common-law action created by the Illinois Supreme Court, so it wasn't a contract dispute. Eureka argued that the Act bars evidence of conversations with any deceased agent of a company, period, but this ignores the statutory language limiting the prohibition to a conversation with an agent "who has contracted with" the witness.

We needn't pursue the issue of the applicability of the Dead Man's Act further, because Plata makes no issue of it in this court and the district judge based his decision not on whether Plata's termination was a result of telling Bittner that he was going to file a worker's compensation claim but instead on Plata's failure to prove damages.

Plata was a difficult litigant, whose lawyer was allowed by the judge to withdraw from the case after Plata refused to respond to the defendant's discovery requests. Plata also ig-

nored deadlines to identify proposed exhibits and witnesses and failed to itemize the damages that he sought from the defendant. Because he failed to comply with the court's discovery rules, the judge forbade him to present any evidence at trial other than his own testimony.

At the trial Plata waived opening statement, repeated his version of what Bittner had said to him, and announced that he was seeking $133,000 in damages—but added that this was just the "initial part of the damages" he was seeking. He did not explain how he had arrived at the $133,000 figure. He did not say what he'd been paid at Eureka, how long he'd been unemployed after being fired, or what attempts he'd made during that period to find another job. He did reveal on cross examination that he'd worked at several places after he left Eureka. But he did not explain whether the wages he'd received at those jobs had reduced the damages he was seeking. Unsurprisingly the judge refused to award him any damages.

So Plata has appealed, but his appeal brief is unrelated to damages or to other relief that he might seek; it is devoted instead to arguing that the court unreasonably refused to recruit a lawyer for him. That argument goes nowhere, given his treatment of his first lawyer.

He also argues that summary judgment should have been granted to him and that the district judge did not give him enough time during the trial to present his case for damages. But Plata's thin case obviously did not warrant summary judgment in his favor, nor did it require more time than the judge allotted to it. We therefore find no error in the district judge's decision not to award Plata any relief.

The judgment of the district court is

AFFIRMED.